IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 4, 2005

## STATE OF TENNESSEE v. LARANDA CONNER

**Direct Appeal from the Circuit Court for Madison County**
**No. 04-407    Roy B. Morgan, Jr., Judge**

_____

**No. W2005-00444-CCA-R3-CD  - Filed December 5, 2005**

_____

The defendant, Laranda Conner, pled guilty to DUI, a Class A misdemeanor, and was sentenced to eleven months, twenty-nine days in the county jail with all but forty-eight hours suspended. As a condition of her guilty plea, she sought to reserve as a certified question of law whether the trial court erred in overruling her motion to suppress the results of a blood-alcohol test taken without her consent but pursuant to medical treatment, which allegedly constituted an illegal search and seizure. Upon review of the record, we conclude that the defendant failed to properly reserve a question of law. Accordingly, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Mike Mosier, Jackson, Tennessee, for the appellant, Laranda Conner.

Paul G. Summers, Attorney General and Reporter; Brian C. Johnson, Assistant Attorney General; James G. Woodall, District Attorney General; and Jason White, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On June 1, 2004, the defendant was indicted by the Madison County Grand Jury for driving while under the influence of a drug and/or intoxicant, driving while having an alcohol concentration of .08% or greater, reckless driving, and violation of the open container law. These charges stemmed from a single-car accident the defendant was involved in on February 24, 2004, in Jackson, Tennessee. The facts of the accident, as taken from the Jackson Police Department's accident report, are as follows:

Vehicle #1 w[as] involved in a single car accident where the [defendant] lost control of the vehicle, left the roadway, and struck a tree.

Upon officer's arrival, the [defendant] was unresponsive, she was attended to by Jackson Madison Co EMTs. She was transported to Jackson General Hospital where she was treated for her injuries. They (the injuries) were not life threatening, but she was expected to be admitted.

Indications at the scene pointed towards alcohol being a contributing factor. There were two empty Bud Light containers in the vehicle and beer or other alcoholic beverage had been spilled in the front seat. Due to the extent of [the defendant's] injuries, consent for a BAC could not be obtained. She was expected to be charged with DUI.

At the hospital, a blood-alcohol test was performed on the defendant.[1] On April 8, 2004, the City Court of Jackson entered an order for release of the defendant's medical records to the Jackson Police Department for "the sole purpose of investigating the alcohol related car accident involving" the defendant.

On September 8, 2004, the defendant filed a motion to suppress the blood-alcohol test results, arguing her medical "records were obtained in violation of Tennessee Code Annotated 55-10-406 in that her consent was not obtained, nor was there any finding that probable cause existed to authorize the issuance of an order releasing [her] medical records."[2] At the suppression hearing, the defendant argued that her blood-alcohol test should be suppressed because the court order allowing

---

[1] The State notes in its brief that "[t]he BAC test results the defendant sought to be suppressed are not included in the record. The State assumes that the results indicated that the defendant was over the legal limit in that the State sought to use such results in its prosecution of the defendant."

[2] At the suppression hearing, the defendant noted that the pertinent parts of section 55-10-406 that she was relying on were section (b), which states:

> Any person who is unconscious as a result of an accident or is unconscious at the time of arrest or apprehension or otherwise in a condition rendering that person incapable of refusal, shall be subjected to the test as provided for by §§ 55-10-405--55-10-412, but the results thereof shall not be used in evidence against that person in any court or before any regulatory body without the consent of the person so tested. Refusal of release of the evidence so obtained will result in the suspension of that person's driver license, thus such refusal of consent shall give such person the same rights of hearing and determinations as provided for conscious and capable persons in this section.

and section (e), which states:

> Provided probable cause exists for criminal prosecution for the offense of driving under the influence of an intoxicant under § 55-10-401, nothing in this section shall affect the admissibility into evidence in a criminal prosecution of any chemical analysis of the alcohol or drug content of the defendant's blood that has been obtained while the defendant was hospitalized or otherwise receiving medical care in the ordinary course of medical treatment.

Tenn. Code Ann. § 55-10-406(b), (e) (2004).

-2-

the police department to obtain her medical records from the hospital contained "no mention of any finding of probable cause to support the issuance" of the order. On September 30, 2004, the trial court denied the motion to suppress, finding the State "did properly obtain [the defendant's] medical records and that probable cause did exist for the State of Tennessee to review the records."

On January 31, 2005, the defendant pled guilty to DUI and was sentenced to eleven months, twenty-nine days, with all but forty-eight hours suspended. The remaining charges were dismissed. The DUI judgment contains the following notation:

> Def reserves the right to certify the following issue: Whether or not the trial court erred in overruling the defendant's motion to suppress the results of a certain blood test taken without her consent and pursuant to medical treatment, because same was taken without notice or probable cause and therefore constituted an illegal search and seizure.

## ANALYSIS

### Certified Question of Law

The defendant contends that the trial court erred in denying her motion to suppress evidence because the blood test results were obtained without probable cause and, therefore, constituted an illegal search and seizure. The State responds by arguing that this court has no jurisdiction to consider the suppression issue because the defendant failed to properly preserve a certified question of law for appeal. We agree with the State.

Rule 37 of the Tennessee Rules of Criminal Procedure provides, in pertinent part, that an appeal lies from any judgment of conviction upon a plea of guilty or nolo contendere if the defendant has reserved a certified question of law:

> (i) [T]he defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met:

> (A) the judgment of conviction, or other document to which such judgment refers that is filed before the notice of appeal, must contain a statement of the certified question of law reserved by defendant for appellate review;

> (B) the question of law must be stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;

> (C) the judgment or document must reflect that the certified question was expressly reserved with the consent of the state and the trial judge; and

-3-

(D) the judgment or document must reflect that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive of the case[.]

. . . .

(iv) the defendant explicitly reserved with the consent of the court the right to appeal a certified question of law that is dispositive of the case, and the requirements of subsection (i) are met, except the judgment or document need not reflect the state's consent to the appeal or the state's opinion that the question is dispositive.

Tenn. R. Crim. P. 37(b)(2)(i), (iv). In State v. Preston, 759 S.W.2d 647 (Tenn. 1988), our supreme court emphasized that the burden is on the defendant to ensure that the conditions for properly preserving a certified question of law pursuant to Rule 37 have been met:

This is an appropriate time for this Court to make explicit to the bench and bar exactly what the appellate courts will hereafter require as prerequisites to the consideration of the merits of a question of law certified pursuant to Tenn. R. Crim. P. 37(b)(2)(i) or (iv). Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. . . . Also, the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case. Of course, the burden is on defendant to see that these prerequisites are in the final order and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified. No issue beyond the scope of the certified question will be considered.

Id. at 650. In State v. Armstrong, 126 S.W.3d 908, 912 (Tenn. 2003), our supreme court rejected the argument that substantial compliance with Rule 37 is enough to reserve a certified question of law, explaining:

Accordingly, our prior decisions demonstrate that we have never applied a substantial compliance standard to the Preston requirements as urged by the defendant in this case. To the contrary, we have described the requirements in Preston for appealing a certified question of law under Rule 37 of the Tennessee Rules of Criminal Procedure as "explicit and unambiguous." [State v. Irwin, 962 S.W.2d 477, 479 (Tenn. 1998); State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996)]. Moreover, we agree with the State that a substantial compliance standard

would be very difficult to apply in a consistent and uniform manner, and therefore would conflict with the very purpose of <u>Preston</u>. We therefore reject the defendant's argument that substantial compliance with the requirements set forth in <u>Preston</u> is all that is necessary in order to appeal a certified question of law.

Although required by Rule 37(b)(2)(i)(C)-(D), the judgment in this case neither reflected that the certified question was expressly reserved with the consent of the State and the trial court nor that the defendant, the State, and the trial court were of the opinion that the question was dispositive of the case. Rule 37(b)(2)(iv), which does not require the judgment to reflect the State's consent to appeal or the State's opinion that the question is dispositive of the case, does not apply in this case because the defendant entered into a plea agreement with the State. <u>See</u> Tenn. R. Crim. P. 37, Committee Cmt. to 1984 Amendment (explaining that "[t]he amendment to section (b) allows the defendant to appeal a certified question of law without consent of the district attorney. This provision would only apply where there was no plea agreement and the defendant pled to the charge with the court imposing sentence.").

In <u>Armstrong</u>, 126 S.W.3d at 912, our supreme court concluded that a trial's court's remedial action to correct deficiencies in an original judgment was sufficient to satisfy the <u>Preston</u> requirements when the trial court's corrective order was entered before the notice of appeal was filed, and, thus, while the trial court maintained jurisdiction over the case. In this case, there is nothing in the record to reflect that any corrective order, satisfying the <u>Preston</u> requirements, was entered before the notice of appeal was filed. Under such circumstances, we must conclude that the defendant did not meet the stringent requirements for properly certifying a question of law for appeal. Accordingly, we dismiss the appeal.

## <u>CONCLUSION</u>

We conclude that the defendant has failed to satisfy the mandatory requirements for certifying a question of law for appeal pursuant to Tennessee Rule of Criminal Procedure 37(b)(2). Accordingly, we dismiss the appeal.

_____
ALAN E. GLENN, JUDGE